#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CR-17-3402 MV |
| | ) |
| CHRIS B. BANDY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Chris B. Bandy's Unopposed Motion for Self-Representation and the Appointment of Stand-By Counsel. Doc. 73. Pursuant to Mr. Bandy's motion, the Court held a *Faretta* hearing on October 16, 2020. Doc. 82. The Court, having considered the motion, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

On December 5, 2017, a grand jury issued an indictment against Mr. Bandy, charging him with Stalking in violation of 18 U.S.C. § 2261(A)(2)(B). Doc. 2. Mr. Bandy initially retained counsel and was represented by Marc M. Lowry and Kate S. Thompson of Rothstein Donatelli LLP through June 2018. Docs. 9, 36. Mr. Bandy was then arrested in Texas on August 4, 2018. Doc. 40 at 1. The United States District Court for the Eastern District of Texas appointed a public defender, Matthew William Millslagle, to represent Mr. Bandy in that case. Doc. 55 at 6. In March 2019, Mr. Bandy moved to remove Mr. Lowry and Rothstein Donatelli as his counsel, as he could no longer afford their services. Doc. 44 at ¶ 1. Mr. Bandy specifically stated that he did not want

1

a court-appointed attorney and wanted to invoke the right to act on his own behalf. *Id*. at ¶¶ 3–4. Nevertheless, in June 2019, Douglas E. Couleur was appointed by the Court for Mr. Bandy. Doc. 49. Mr. Bandy renewed his desire to proceed pro se in a July 2019 letter to the Court, reiterating that he did not want court-appointed counsel and that he wished to represent himself. Mr. Bandy and Mr. Couleur had little communication, and in February 2020, Mr. Couleur was terminated as Mr. Bandy's counsel. Doc. 52. Mr. Bandy then began filing motions pro se. *See* Docs. 53, 56, 57.

On June 11, 2020, Mr. Bandy was committed to the District of New Mexico. Doc. 55 at 2. He had his initial appearance on July 7 via Zoom before Magistrate Judge Kevin Sweazea and reiterated that he did not want a court-appointed attorney. Doc. 60. However, on July 16, Nicholas T. Hart was appointed as CJA counsel for Mr. Bandy. Doc. 65. On July 29, Mr. Bandy filed an Unopposed Motion for Self-Representation and Appointment of Stand-by Counsel. Doc. 73. He expressly stated that he wished to waive his Sixth Amendment right to counsel and wished to exercise his right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). *Id* at ¶ 1. On October 16, 2020, the Court held a *Faretta* hearing to determine whether Mr. Bandy had waived his right to counsel and asserted his right to represent himself in a constitutionally effective way.

## STANDARD

A criminal defendant has a constitutional and statutory right to waive counsel and represent himself. *Faretta*, 422 U.S. at 834–36. This right includes the right to preserve control over one's own defense, "to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984). However, certain conditions must be met for a court to find

2

that a defendant has effectively waived his right to counsel and invoked his right to proceed pro se. There are four requirements to properly invoke the right:

> First, the defendant must clearly and unequivocally inform the district court of his intention to represent himself. Second, the request must be timely and not for the purpose of delay. Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made. Finally, the defendant must be able and willing to abide by rules of procedure and courtroom protocol.

*United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006) (internal quotations and citations omitted). In evaluating whether a request satisfies these requirements, courts must "indulge in every reasonable presumption against waiver" of the right to counsel. *United States v. Hamett*, 961 F.3d 1249, 1255 (10th Cir. 2020).

After a defendant invokes his right to proceed pro se, "appointment of standby counsel is a preferred, though not mandatory, practice." *United States v. Padilla*, 819 F.2d 952, 959 (10th Cir. 1987). The defendant retains control over the presentation of the case, but standby counsel is permitted to assist the defendant "in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony." *McKaskle*, 465 U.S. at 183. Standby counsel may also help ensure that the defendant complies with the rules of courtroom protocol and procedure. *Id.*

Additionally, a defendant's right to self-representation is not absolute. *Manning v. Patton*, 639 F. App'x 544, 549 (10th Cir. 2016) (unpublished). "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 835 n. 46. This "waiver or a termination of the right to self-representation may occur without the defendant's knowledge or consent." *Munkus v. Furlong*, 170 F.3d 980 (10th Cir. 1999). Should a defendant's pro se status be terminated, *Faretta* does not require that a

3

trial judge permit "hybrid representation" in which a represented defendant is permitted to act as co-counsel. *McKaskle*, 465 U.S. at 183; *United States v. McKinley*, 58 F.3d 1475, 1480–81 (10th Cir. 1995).

At a *Faretta* hearing, the court conducts a "penetrating and comprehensive" examination of the defendant and "must investigate as long and as thoroughly as the circumstances of the case before [it] demand." *Von Moltke v. Gillies*, 332 U.S. 708, 723–24 (1948). In deciding whether to grant a request for self-representation, the court also considers the defendant's age, education, and past experiences with the legal system, the complexity of the charges against him, and the stage of the proceedings. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004); *United States v. Hansen*, 929 F.3d 1238, 1249 (10th Cir. 2019).

## DISCUSSION

At Mr. Bandy's *Faretta* hearing on October 16, 2020, the Court engaged in an extensive dialogue regarding his request for self-representation and considered all the foregoing requirements. Doc. 99. At the conclusion of the hearing, the Court found for the reasons explained below that Mr. Bandy has waived his right to counsel and invoked the right to represent himself in a constitutionally effective manner.

First, Mr. Bandy has made a clear and unequivocal request to represent himself. *McKinley* 58 F.3d at 1480. The underlying motion is a clear and unequivocal announcement of his intention to proceed pro se. Doc. 73 at ¶ 6. His previous motions to remove counsel of record further indicate his desire to represent himself and waive court-appointed counsel. *Id*.

Second, Mr. Bandy's motion is timely and not for purposes of delay. *Tucker*, 451 F.3d at 1180. The Tenth Circuit does not have "a bright-line rule for determining whether a request for self-representation is untimely." *Id*. Rather, "a motion for self-representation is timely if it is

made before the jury is impaneled, unless it is a tactic to secure delay." *Id*. at 1181.  Mr. Bandy's request is accordingly timely.  Doc. 73 at ¶ 8.

Third, Mr. Bandy is knowingly and intelligently forgoing the benefits of the right to counsel.  *Faretta*, 422 U.S. at 835.  Although there is no "precise script or litany" that a trial court must follow to warn a defendant about "the hazards of self-representation," *Hansen*, 929 F.3d at 1247, a court must determine whether "the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding pro se." *United States v. Williamson*, 859 F.3d 843, 862 (10th Cir. 2017) (quoting *United States v. Vann*, 776 F.3d 746, 763 (10th Cir. 2015).  These factors come from the Supreme Court's opinion in *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948).

At Mr. Bandy's *Faretta* hearing, the Court ensured that he was aware of each of the *Von Moltke* factors by (1) reviewing the charges against him and the possible penalties; (2) confirming that Mr. Bandy knew that he would be responsible for presenting his case to the jury, arguing points of law, and conducting voir dire; (3) clarifying that Mr. Bandy does not have a right to hybrid representation; and (4) informing Mr. Bandy that he must follow all rules of criminal procedure and evidence without assistance from the Court, and that the rules would not be relaxed for his benefit.  Doc. 99 at 2–4.  The Court also cautioned Mr. Bandy about the dangers of proceeding pro se, warning that the fast-paced nature of hearings and trials could make it difficult to strategize and deal with unexpected developments as a pro se litigant with standby counsel.  *Id*. at 3.  After Mr. Bandy was informed of each *Von Moltke* factor and was advised of the dangers and disadvantages of self-representation, he confirmed that he wished to proceed pro se.  *Id*. at 4.  Accordingly, Mr. Bandy has knowingly and intelligently waived his right to counsel.

Finally, Mr. Bandy is able and willing to abide by court rules, procedures, and protocols.

*Hansen*, 929 F.3d at 1247.  At Mr. Bandy's *Faretta* hearing, he confirmed that he is willing to learn the rules of criminal procedure and evidence.  Doc. 99 at 3–4.  He noted that his education and background indicate that he is able "to grasp and master complex sets of rules and protocols." Doc. 73 at ¶ 13.  The Court agreed, noting that there was no reason to believe Mr. Bandy could not learn the rules, as his resume shows he is accomplished.  Doc. 99 at 3.  Mr. Bandy was also informed that the rules would not be relaxed because of his pro se status.  *Id*. at 4.  Mr. Bandy nevertheless wished to waive his right to counsel, arguing in his motion that standby counsel can mitigate concerns about his lack of formal legal training.  Doc. 73 at ¶ 14.

## CONCLUSION

For all the foregoing reasons, and as further stated on the record at the *Faretta* hearing on October 16, 2020, the Court finds that Mr. Bandy has waived his right to counsel and has asserted the right to represent himself in a constitutionally effective manner.  The Court therefore finds that Mr. Bandy may proceed pro se, and Nicholas Hart is appointed as standby counsel.

**IT IS THEREFORE ORDERED** that Mr. Bandy's Unopposed Motion for Self-Representation and the Appointment of Stand-By Counsel [Doc. 73] is **GRANTED**.

DATED this 21st day of October, 2020.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE