IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                No. 17-CR-3402-MV

    v.

CHRIS BANDY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Chris Bandy's Motions for Issuance of Subpoena Pursuant to Rule 17. Docs. 56 and 57. The Government filed a response in support of his first motion [Doc. 59] and a response in opposition to his second motion [Doc. 67], and Mr. Bandy did not file a reply to either. The Court, having considered the motions, relevant law, and being otherwise fully informed, finds that the motions are well-taken and will be **GRANTED**.

## BACKGROUND

Mr. Bandy is charged in a one-count indictment with Stalking in violation of 18 U.S.C. § 2261A(2)(B). Doc. 2. The charge arises from his alleged use of interactive and electronic computer services to cause substantial emotional distress to his victim, M.D., from December 2016 through January 2017. Doc. 54 at 3–5. Mr. Bandy pled not guilty to the charge at an arraignment held on December 7, 2017. Doc. 5. The Court held a *Faretta* hearing on October 16, 2020 to determine Mr. Bandy's ability to proceed pro se [Doc. 99], and on October 21, 2020, the Court granted Mr. Bandy's Motion for Self-Representation and the Appointment of Stand-By Counsel [Doc. 73], with attorney Nicholas Hart appointed as standby counsel. Doc. 100.

In the instant motions, which Mr. Bandy filed *pro se* without assistance from his standby

counsel, Mr. Bandy asks the Court to order the issuance of two subpoenas: a subpoena *duces tecum* (hereinafter "subpoena for records") compelling the disclosure of records from his former employer, Nusenda Federal Credit Union ("Nusenda"), [Doc. 56] and a subpoena *ad testificandum* compelling the Comcast Legal Response Center to provide a technical representative who can testify regarding Comcast's response to the Government's January 18th, 2017 subpoena [Doc. 57].

Mr. Bandy first requests that the Court issue a subpoena for records to Nusenda to produce "all IP addresses and their physical locations that were accessed by the Internet banking login by 'baineihan' for member Chris Bandy, member number 1684880, between the dates of October 15, 2016 and April 15, 2017."  Doc. 56 at 1.  Mr. Bandy next requests that the Court issue a subpoena *ad testificandum* compelling the Comcast Legal Response Center "to provide a technical representative to support and defend Comcast's response, file number 799111, to the Federal subpoena issued January 18th, 2017."  Doc. 57 at 1.

### STANDARD

### I.    Rule 17

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal proceedings.  Rule 17(a) describes the process for obtaining subpoenas returnable at trial by those who are able to pay for them.  Under Rule 17(a), any party who is able to pay the fees and mileage of a subpoenaed witness may cause a subpoena to be issued by the clerk of the court as a matter of course, and without judicial intervention.  Specifically, a party obtains from the clerk a blank subpoena, signed and sealed, and then fills in the time and place at which the witness must attend and testify.  Fed. R. Crim. P. 17(a).

Rule 17(b) describes the procedure for defendants who are seeking a witness's presence at trial but cannot afford to pay their witness fees: "Upon a defendant's *ex parte* application, the court

must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). The Advisory Committee's notes to Rule 17 explain that the purpose of subsection (b) is to "preserve[] the existing right of an indigent defendant to secure attendance of witnesses at the expense of the Government." Fed. R. Crim. P. 17 advisory committee's notes to 1944 amendment. Rule 17(b) "does not create an absolute right of the defendant to have a witness produced at the government's expense," rather, "it is within the court's discretion whether the requested witness is necessary to an adequate defense." *United States v. Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990) (citing *United States v. Julian*, 469 F.2d 371, 374 (10th Cir. 1972)).

In 1966, Rule 17(b) was amended to provide for *ex parte* consideration by the Court due to criticism "directed at the requirement that an indigent defendant disclose in advance the theory of his defense in order to obtain the issuance of a subpoena at government expense while the government and defendants able to pay may have subpoenas issued in blank without any disclosure." Fed. R. Crim. P. 17 advisory committee's notes to 1966 amendment. Under the current form of the Rule, "[t]he Government is not notified of the proceeding and therefore [the] defendant is not forced to disclose potential defense witnesses or their expected testimony." *United States v. Florack*, 838 F. Supp. 77, 78 (W.D.N.Y. 1993). "Although prior judicial authorization is required, the *ex parte* nature of the Rule 17(b) application [thus] serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).[1]

Rule 17(c) governs the issuance of subpoenas for records and enables either party to obtain

---

[1] Notwithstanding the considerations in the Rule, Mr. Bandy did not file the instant motions *ex parte*. *See* Docs. 56 and 57. As a result, the Court will not file this order *ex parte*.

documents or other physical evidence.  Specifically, Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).  Under Rule 17(c)(2), a court may quash or modify a subpoena for records upon a motion to do so if "compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2).  And under Rule 17(c)(3), "[a]fter a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order.  Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object."  Fed. R. Crim. P. 17(c)(3).

Unlike a trial subpoena issued under Rule 17(a) or 17(b), Rule 17(c) provides that a subpoena for records may be made returnable *before* trial or some other evidentiary hearing.  *See* Fed. R. Crim. P. 17(c)(1).  As noted above, the second sentence of the Rule provides that the court "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence."  Fed. R. Crim. P. 17(c); *see also United States v. Nixon*, 418 U.S. 683, 698–99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951) ("[Rule 17(c)'s] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.")).

Rule 17(d) governs the service of a Rule 17 subpoena.  It provides that "[a] marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena."  Fed. R. Crim. P. 17(d).  The Rule continues that "[t]he server must deliver a copy of the subpoena to the witness and must tender the witness one day's witness-attendance fee and the legal mileage allowance."  *Id.*

## II.     Standard for Pretrial Production

The Supreme Court has long established that "Rule 17(c) is not intended to provide an additional means of discovery." *Bowman Dairy*, 341 U.S. at 220.  Accordingly, a party seeking issuance of a subpoena for records under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial: and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699–700).  In order to meet this burden, the moving party "must clear three hurdles:  (1) relevancy; (2) admissibility; and (3) specificity."  *United States v. Morris*, 287 F.3d 985 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700).  It is insufficient that the requested evidence "may have some potential of relevance and evidentiary use."  *Sellers*, 275 F.R.D. at 624.  "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.'"  *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221). As the court noted in *United States v. Noriega*, "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."  764 F. Supp. 1480, 1493 (S.D. Fla. 1991).  Although Rule 17(c) is not intended to provide an additional means for discovery, the Court in *Bowman Dairy* qualified this holding with the observation that the purpose of the rule is to "establish[] a more liberal policy for the production, inspection and use of materials at the trial."  341 U.S. at 220.

Where Rule 17(c) authorizes subpoenas for the production of documentary evidence, Rule 17(a) governs subpoenas *ad testificandum*.  "The standard is basically the same for subpoenas

compelling the attendance of witnesses." *United States v. Santistevan*, No. 11-CR-00406-CMA, 2012 WL 2875949, at \*1 (D. Colo. July 12, 2012) (unpublished).  While the proponent of a subpoena for records must establish relevancy, admissibility, and specificity, the proponent of a subpoena *ad testificandum* is required to show only relevance and materiality.  "Specifically, a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *United States v. Rosenschein*, No. CR 16-4571 JCH, 2020 WL 4275670, at \*1 (D.N.M. July 24, 2020) (unpublished) (quoting *Stern v. U.S. Dist. Court for the Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000)).  Just as with a subpoena *duces tecum*, a subpoena *ad testificandum* may not be used for a general "fishing expedition." *Id.* (quoting *Nixon*, 418 U.S. at 699–700).

## DISCUSSION

The Court has reviewed Mr. Bandy's two Motions for Issuance of Subpoena Pursuant to Rule 17.  Docs. 56 and 57.  First, it finds that these motions were filed pro se without assistance from standby counsel.  Such pro se motions are to be "liberally construed" even if "inartfully pleaded." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Construed liberally, Mr. Bandy's motions meet *Nixon*'s requirements, despite not specifically identifying why the "three hurdles" of *Nixon* are satisfied.  418 U.S. at 699–700.  Accordingly, the requested subpoenas will be granted.

### I.      Subpoena for Records

The Court finds that the proposed subpoena for records to Nusenda satisfies the requirements of *Nixon*, with one clarification.  418 U.S. at 699–700.  First, any IP addresses and their physical locations accessed by the Internet banking login for Mr. Bandy between the dates of October 15, 2016 and April 15, 2017 are "evidentiary and relevant" because they go to Mr. Bandy's ability to explain the reasons for the logins at issue. *Id*; *see also* Doc. 56.  Second, the requested records are "not otherwise procurable reasonably in advance of trial by exercise of due

diligence." *Nixon*, 418 U.S. at 699–700.  Third, Mr. Bandy cannot properly prepare for trial without the production of information and the ability to inspect it in advance of trial.  *Id*.  Fourth and last, the Court finds that the application is made in good faith and is not intended as a general "fishing expedition."  *Id*.

However, there are inconsistencies in how the parties refer to the Internet banking login for member Chris Bandy.  In his subpoena request, Mr. Bandy refers to the username as "baineihan" (with an 'N') [Doc. 56], and the Government does the same in its response [Doc. 59]. However, in all other documents referencing the username, the Government refers to the username as "BaiMeiHan" (with an 'M').  The United States, in its Sealed Motion to Present Evidence of Crimes, Wrongs and Other Acts Pursuant to Rule 404(b) of the Federal Rules of Evidence [Doc. 78], alleges that the username BaiMeiHan was Mr. Bandy's personal Nusenda banking account and that the username is linked to Mr. Bandy's residential IP address.  Doc. 78 at 6.  The username BaiMeiHan allegedly "was confirmed to be the Defendant's username, a name given to him by his Chinese and Chinese speaking wife."  *Id*. at 7.  Mr. Bandy should clarify the correct spelling of the username when preparing the subpoena.

## II.    Subpoena *Ad Testificandum*

The Court additionally finds that the proposed subpoena *ad testificandum* to the Comcast Legal Response Center survives scrutiny because the testimony sought is both relevant and material.  *Rosenschein*, 2020 WL 4275670, at *1.  Mr. Bandy's subpoena request for a Comcast technical representative to support and defend Comcast's response to the government's subpoena issued January 18th, 2017 is "relevant and material," as he asserts in other motions that Comcast's provision of the IP address is insufficient to establish the identity of an individual sending electronic communications.  *Id*; *see also* Doc. 57.  Additionally, the Court finds that the application

7

is made in good faith and is not intended as a general "fishing expedition." *Id.*

The Government treats Mr. Bandy's motion as a subpoena *duces tecum* for documents from Comcast and argues that it is unreasonable under Rule 17(c)(2). Doc. 67 at 2. But this is incorrect: Mr. Bandy's motion is requesting that a *person* from Comcast be available. Doc. 57 at 1. This is a subpoena *ad testificandum* governed by Rule 17(a), which does not have the same provision for a court to quash or modify the subpoena if compliance would be unreasonable. Fed. R. Crim. P. 17(a). The Court disagrees with the Government's assertion that the subpoena request "suffers from an ambiguity and a lack of clarity in terms of what it asks of Comcast," Doc. 67 at 2, as Mr. Bandy clearly requests a Comcast representative to testify at trial or at a future evidentiary hearing.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Mr. Bandy's Motions for Issuance of Subpoena Pursuant to Rule 17 [Docs. 56 and 57] are **GRANTED** as follows:

1. Mr. Bandy or his standby counsel shall draft a subpoena for records to Nusenda Federal Credit Union in conformity with this order, specifying the correct Internet banking login for Chris Bandy.

   a. The subpoena shall specify that the requested materials should be returnable to the Court at the following address:
      Chambers of Judge Martha Vázquez
      Santiago E. Campos United States Courthouse
      106 South Federal Place, 2nd Floor
      Santa Fe, NM 87501

2. Mr. Bandy or his standby counsel shall also draft a subpoena *ad testificandum* to Comcast Legal Response Center in conformity with this order.

3. Mr. Bandy or his standby counsel shall then submit the subpoenas to the Clerk of the United States District Court for the District of New Mexico for issuance. The Clerk's Office shall issue the subpoenas, and once the subpoenas have been issued, the Clerk's Office shall contact defense counsel.

4. Defense counsel shall be responsible for arranging the service of the subpoenas. Pursuant to Rule 17(d), a marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve them.

5. Upon receipt of the materials responsive to the subpoena for records, the Court will notify both parties that the documents are available for inspection and copying.

6. The cost of process, fees, and expenses associated with service of the subpoenas shall be paid as if the subpoenas were submitted by the government.

DATED this 4th day of February, 2021.


_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE