# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                        17-CR-3402 MV

CHRIS BANDY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Chris Bandy's Motion to Revoke Pro Se Status. Doc. 201. The United States responded and takes no position with regard to the motion. Doc. 202. The Court, having considered the motion, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## BACKGROUND

On December 5, 2017, a grand jury issued an indictment against Mr. Bandy, charging him with Stalking in violation of 18 U.S.C. § 2261(A)(2)(B). Doc. 2. Mr. Bandy initially retained counsel and was represented by Marc M. Lowry and Kate S. Thompson of Rothstein Donatelli LLP through June 2018. Docs. 9, 36. In March 2019, Mr. Bandy moved to remove Mr. Lowry and Rothstein Donatelli as his counsel, as he could no longer afford their services. Doc. 44 at ¶ 1. Mr. Bandy specifically stated that he did not want a court-appointed attorney and wanted to invoke the right to act on his own behalf. *Id*. at ¶¶ 3-4. Nevertheless, in June 2019, Douglas E. Couleur was appointed by the Court for Mr. Bandy. Doc. 49. Mr. Bandy renewed his desire to proceed *pro se* in a July 2019 letter to the Court, reiterating that he did not want court-appointed counsel

1

and that he wished to represent himself. Mr. Bandy and Mr. Couleur had little communication, and in February 2020, Mr. Couleur was terminated as Mr. Bandy's counsel. Doc. 52. Mr. Bandy then began filing motions *pro se*. *See* Docs. 53, 56, 57. On July 16, Nicholas T. Hart was appointed as CJA counsel for Mr. Bandy. Doc. 65.

On July 29, Mr. Bandy filed an Unopposed Motion for Self-Representation and Appointment of Stand-by Counsel. Doc. 73. He expressly stated that he wished to waive his Sixth Amendment right to counsel and wished to exercise his right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). *Id* at ¶ 1. On October 16, 2020, the Court held a *Faretta* hearing to determine whether Mr. Bandy had waived his right to counsel and asserted his right to represent himself in a constitutionally effective way. Doc. 99. On October 21, 2020, the Court granted Mr. Bandy's Motion for Self-Representation and the Appointment of Stand-By Counsel [Doc. 73], with Mr. Hart appointed as standby counsel. Doc. 100.

**STANDARD**

The Sixth Amendment provides a criminal defendant with the right to assistance of counsel. U.S. Const. amend. VI. It also includes the corresponding right to self-representation, "provided only that [the defendant] knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173, (1984). Courts cannot "thrust counsel upon the accused," *Faretta*, 422 U.S. at 820, because the defendant "must be free personally to decide whether in his particular case counsel is to his advantage." *Id.* at 834; *see United States v. Wallace*, 527 F. App'x 784, 786 (10th Cir. 2013) (unpublished).

The Court may revoke a defendant's *pro se* status by request or where the right to self-representation is abused. *See Faretta*, 422 U.S. at 835 n. 46. ("[T]he trial judge may terminate

self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."); *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) ("A trial judge may also terminate self-representation or appoint 'standby counsel'—even over the defendant's objection—if necessary."). Should a defendant's *pro se* status be terminated, *Faretta* does not require that a trial judge permit "hybrid representation" in which a represented defendant is permitted to act as co-counsel. *McKaskle*, 465 U.S. at 183; *United States v. McKinley*, 58 F.3d 1475, 1480-81 (10th Cir. 1995).

## DISCUSSION

In his handwritten Motion to Revoke Pro Se Status, Mr. Bandy writes, "The United States Legal System is an environment. Environments are large and strong and stationary." Doc. 201 at 4. Mr. Bandy cites Sun Tzu's *The Art of War* and asserts "a direct attack on an environment is unlikely to succeed." *Id.* He notes that "[t]he Court, the prosecutors, the correction facilities, and even the defense attorneys are all stakeholders in the environment and go to great lengths to protect its existance [sic] just the way it is." *Id.* at 4-5. Mr. Bandy states he "has lost all faith in the fairness of the United States Legal System and now takes the only action remaining to him by removing himself from participation in the environment." *Id.* at 5. He therefore requests that the Court revoke his *pro se* status. *Id.* at 6. The government takes no position regarding this Motion. Doc. 202.

The Court is permitted to revoke Mr. Bandy's *pro se* status when necessary. *See Martinez*, 528 U.S. at 162. Here, Mr. Bandy has made a clear and unequivocal request to *stop* representing himself. Just as he knowingly and intelligently chose to forego the right to counsel earlier in his case, he now opts to forego the right to self-representation. The Court notes that in terminating Mr. Bandy's *pro se* status, *Faretta* does not require that a trial judge permit "hybrid representation"

3

in which Mr. Bandy is permitted to act as co-counsel. *McKaskle*, 465 U.S. at 183. Mr. Hart will continue to represent Mr. Bandy as court-appointed counsel, rather than standby counsel.

## CONCLUSION

The Court finds that Mr. Bandy has waived his right to self-representation and has re-asserted the right to counsel. The Court therefore finds that Mr. Bandy's *pro se* status is revoked, and Nicholas Hart will remain as his counsel.

**IT IS THEREFORE ORDERED** that Mr. Bandy's Motion to Revoke Pro Se Status [Doc. 201] is **GRANTED**.

DATED this 27th day of May, 2021.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE